1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Kimberly A. Warshawsky, SBN 022083
WarshawskyK@gtlaw.com
John E. Cummerford, SBN 021039
CummerfordJ@gtlaw.com
Katherine L. Pappas, SBN 27284
PappasK@gtlaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GLOBAL PATENT SOLUTIONS, LLC, an Arizona limited liability company. | Case No. CIV 09-2445 |
| Plaintiff, | **COMPLAINT** |
| v. | Declaratory Judgment (Trademark Non-Infringement) |
| GLOBAL COMPETITIVENESS, INC., d/b/a/ GLOBAL PRIOR ART, a Maine corporation. | |
| Defendant. | |

Global Patent Solutions, LLC ("Plaintiff") by its attorney alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiff is a limited liability company organized under the laws of the state of Arizona, with offices in Scottsdale, Arizona.

2.     Upon information and belief, Defendant Global Competitiveness, Inc. ("Defendant") is a corporation duly incorporated under the laws of the state of Maine, with offices in Boston, Massachusetts.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

3.      This Court has subject matter jurisdiction over this case under 15 U.S.C. § 1121(a), and 28 USC §§ 1331 and 1338(a), as this Complaint requests a declaratory judgment of non-infringement under federal trademark law, 15 U.S.C. § 1051 *et seq.*

4.      Venue is proper under 28 U.S.C. § 1391(b).

### BACKGROUND

5.      Plaintiff provides intellectual property research and consulting services, including patent and non-patent literature research, disclosure drafting, and patent engineering.

6.      Plaintiff uses the name "Global Patent Solutions" to identify Plaintiff's services.

7.      Plaintiff's customers know Plaintiff's business by its "Global Patent Solutions" name.

8.      Plaintiff promotes its services through its website, accessible at the <www.globalpatentsolutions.com> Internet domain name (the "Domain Name").

9.      Plaintiff registered the Domain Name in 2005.

10.     Defendant states on its website that it provides "international prior art searches."

11.     Defendant refers to itself as "Global" on its website.

12.     Upon information and belief, Defendant filed its Articles of Incorporation in Maine in 1987 under the legal name "Global Competitiveness, Inc."

13.     Upon information and belief, Defendant does business using the name "Global Prior Art."

### THE CONTROVERSY

14.     Defendant's counsel sent Plaintiff a letter dated July 22, 2006 ("Defendant's July 22 Letter").

2

15.   Defendant's July 22 Letter states that Defendant provides "international prior art searches."

16.   Defendant's July 22 Letter asserts that Defendant has trademark rights in the name "Global Prior Art."

17.   Defendant's July 22 Letter asserts that Plaintiff's use of the name "Global Patent Solutions" infringes on Defendant's "Global Prior Art" name.

18.   Defendant's July 22 Letter demands that Plaintiff discontinue using its "Global Patent Solutions" name.

19.   Plaintiff's counsel sent a letter to Defendant's counsel dated July 27, 2009 ("Plaintiff's July 27 Letter").

20.   Plaintiff's July 27 Letter states that the only similarity between Defendant's "Global Prior Art" name and Plaintiff's "Global Patent Solutions" name is the use of the word "Global."

21.   Plaintiff's July 27 Letter also states that Defendant's use of the word "Global" is merely descriptive of Defendant's services involving "international prior art searches."

22.   On November 10, 2009, Defendant filed a trademark application with the U.S. Patent and Trademark Office ("PTO") to register the "Global Prior Art" name as a trademark on the Principal Register.

23.   On the same day, Defendant's counsel sent Plaintiff's counsel a second letter ("Defendant's November 10 Letter") asserting that Defendant's "Global Prior Art" name has acquired secondary meaning and again demanding that Plaintiff discontinue using Plaintiff's "Global Patent Solutions" name.

24.   Defendant enclosed with Defendant's November 10 Letter a draft complaint, attached herein as Exhibit 1, in which Defendant alleges, among other claims, that Plaintiff infringed upon Defendant's trademark "Global Prior Art."

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

3

25.     Defendant's November 10 Letter explicitly threatens Plaintiff that Defendant is "prepared to file [the complaint] shortly in US District Court."

### DECLARATORY RELIEF IS APPROPRIATE

26.     Defendant has left Plaintiff with the choice either to surrender Plaintiff's "Global Patent Solutions" name and give up Plaintiff's right to its use, or to defend that right in a lawsuit brought by Defendant.

27.     Plaintiff has no option but to seek relief from this Court. The damage that Plaintiff would suffer if Defendant were to bring its baseless lawsuit against Plaintiff is precisely what a declaratory action is designed to prevent.

28.     Defendant's use of the word "Global" is to refer to itself, not to its services.

29.     "Global Prior Art" is a generic term referring to prior art that exists globally.

30.     Defendant uses "Global Prior Art" in its generic meaning to identify Defendant's services involving searches for prior art on a global basis.

31.     "Global Prior Art" is a term that answers the question: what service does Defendant provide?

32.     Consumers do not understand the term "Global Prior Art" to indicate only *one* source of that service.

33.     At a minimum, Defendant's "Global Prior Art" name is merely descriptive.

34.     Merely descriptive marks, by definition, are neither distinctive nor source identifying. Accordingly, consumers are not likely to be confused.

35.     Defendant admits in its own PTO Application, attached herein as Exhibit 2, that its "Global Prior Art" name is descriptive.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

*PHX 329,071,121*

36.    Defendant states in its PTO Application that its "Global Prior Art" name "has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use."

37.    Defendant's statement regarding acquired distinctiveness recognizes that the name "Global Prior Art" has a primary descriptive meaning separate and apart from any asserted secondary meaning.

38.    A judgment from this Court exercising its discretion will serve an invaluable purpose by clarifying the legal rights of the parties, while simultaneously affording Plaintiff relief from the uncertainty and anxiety perpetuated by Defendant that gave rise to this action.

39.    Refusal by this Court to exercise its discretion and resolve the dispute between the parties would force Plaintiff to choose between either (a) abandoning Plaintiff's "Global Patent Solutions" name and disrupting Plaintiff's legitimate business objectives, or (b) continue using Plaintiff's "Global Patent Solutions" name and risk substantial future damages and harm to Plaintiff's business when Defendant files a trademark infringement suit against Plaintiff.

40.    Federal action on this matter will advance the resolution of the entire controversy between the parties.

## COUNT ONE

### Declaratory Judgment

41.    Plaintiff incorporates herein by reference all allegations in the above paragraphs.

42.    Defendant asserts an exclusive trademark right in the name "Global Prior Art."

43.    Defendant's use of the "Global Prior Art" name is generic.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

PHX 329,071,121

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

44.     Defendant's use of the "Global Prior Art" name is merely descriptive of Defendant's services.

45.     Defendant's "Global Prior Art" name has not acquired secondary meaning.

46.     Defendant's "Global Prior Art" name is not entitled to trademark protection.

47.     Even if Defendant's "Global Prior Art" name is protected as a trademark, Plaintiff's "Global Patent Solutions" name does not infringe on Defendant's "Global Prior Art" name.

48.     Defendant has demanded that Plaintiff cease using Plaintiff's "Global Patent Solutions" name.

49.     Defendant refuses to withdraw its demand.

50.     By reason of the foregoing, a controversy exists between Plaintiff and Defendant and a declaratory judgment is both necessary and proper in order to determine the rights between Plaintiff and Defendant.

### Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against Defendant as follows:

A.     Declaring that Defendant's "Global Prior Art" name is generic and/or that Defendant does not have enforceable trademark rights in the name "Global Prior Art."

B.     Declaring that Plaintiff's use of its "Global Patent Solutions" name does not infringe Defendant's "Global Prior Art" name.

C.     Awarding Plaintiff its costs and reasonable attorneys' fees incurred in connection with this action, plus interest thereon at the legal rate from the date judgment is entered until paid; and

D.     Awarding Plaintiff other such further relief as the Court deems just.

*PHX 329,071,121*

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

1    DATED this **20**<sup>th</sup> day of November 2009.

2

3                    GREENBERG TRAURIG, LLP

4

5                    By:  /s/ *Kimberly A. Warshawsky*

6                         Kimberly A. Warshawsky

7                         John E. Cummerford
                         Katherine L. Pappas

8                         2375 East Camelback Road
                         Suite 700

9                         Phoenix, Arizona  85016
                         *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PHX 329,071,121

# EXHIBIT 1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GLOBAL COMPETITIVENESS, INC.          )
    d/b/a GLOBAL PRIOR ART          )
                                 )
           Plaintiff,          )
                                 )
v.          )          Civil No. _____
                                 )
GLOBAL PATENT SOLUTIONS, LLC          )
                                 )
          Defendant.          ) .

## COMPLAINT AND JURY TRIAL DEMAND

The plaintiff, Global Competitiveness, Inc. d/b/a Global Prior Art ("Plaintiff")

seeks injunctive relief and damages against the defendant, Global Patent Solutions, LLC

("Defendant") based on the latter's provision of competing services under a confusingly

similar trade name.

### PARTIES

1.      Plaintiff is a Maine corporation with a principal place of business in

Boston, Massachusetts.

2.      Upon information and belief, Defendant, a competitor to Plaintiff, is an

Arizona corporation with a principal place of business in Scottsdale, Arizona.

3.      Upon information and belief, Defendant is qualified to do business, and is

doing business, in this judicial district.

### JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction of this action under 28 U.S.C.

§ 1331 in that the claims herein arise under federal trademark law (15 U.S.C. § 1121 *et*

*seq.*).  This Court has jurisdiction of related state claims under 28 U.S.C. § 1367.  This

Court additionally has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.

5.      This district is the proper venue for this action, as a substantial part of the events and omissions giving rise to the claims herein occurred in this district, and the Defendant is subject to personal jurisdiction in the District of Maine.

### BACKGROUND

6.      Plaintiff is a firm engaged in, among other things, intellectual property analysis and prior art search analyses.  Plaintiff conducts business in the Americas, throughout Europe and Asia, with nearly 50 technical experts located around the world.

7.      Plaintiff was founded in 1982 and has been using the name "Global Prior Art" since at least as early as 1985.

8.      Since the mid-1980s, Plaintiff has promoted, and continues to promote, its intellectual property analysis and prior art search analyses throughout the United States under the name "GLOBAL PRIOR ART."  It has invested substantial time and money in establishing and maintaining "GLOBAL PRIOR ART" as its trademark related to the goods and services it offers.

9.      As a result of Plaintiff's successful promotion of its high–quality search analyses, the mark "GLOBAL PRIOR ART" has come to signify the intellectual property services offered by Plaintiff in the minds of the consuming public.

10.     Plaintiff's mark has thus become, and is, a valuable asset of Plaintiff symbolizing Plaintiff, its high quality services, and its goodwill.

11.     Upon information and belief, Defendant first began providing prior art searches in 2005, under the name "GLOBAL PATENT SOLUTIONS."

12.     Upon information and belief, Defendant, having recognized the consumer awareness, name recognition and goodwill associated with Plaintiff, attempted to usurp that goodwill for itself by providing prior art searches under the intentionally and confusingly similar trade name "GLOBAL PATENT SOLUTIONS."

13.     Upon information and belief, Defendant has received a direct financial benefit from providing prior art searches under a name confusingly similar to Plaintiff's mark, in an amount unknown to Plaintiff.

14.     Upon information and belief, Defendant's marketing, sale and distribution of competing services under a name confusingly similar to Plaintiff's mark has damaged Plaintiff in the form of lost sales and profits.

15.     Defendant's actions have caused and will continue to cause irreparable harm and injury to Plaintiff for which Plaintiff has no adequate remedy at law. Accordingly, Defendant should be enjoined and restrained during the pendency of this action and permanently thereafter, from using the name "GLOBAL PATENT SOLUTIONS."

## FIRST CLAIM FOR RELIEF
### [Trademark Infringement, 15 U.S.C. § 1125(a)]

16.     Plaintiff repeats and realleges the statements and allegations contained in the preceding paragraphs of its complaint.

17.     Plaintiff has established and maintained "GLOBAL PRIOR ART" as its trademark.

18.   "GLOBAL PRIOR ART" is a valid, protectable mark, which has acquired secondary meaning in the marketplace.

19.   Plaintiff has been marketing its services under the mark "GLOBAL PRIOR ART" since the mid eighties and has spent substantial time and money in establishing the trade name.   As a result, the mark "GLOBAL PRIOR ART" has developed name recognition amongst the consumer marketplace as a source identifier for Plaintiff's goods and services.

20.   Upon information and belief, Defendant has been marketing and/or selling similar intellectual property analysis and prior art search services under a name incorporating Plaintiff's mark.

21.   Upon information and belief, Defendant has adopted the confusingly similar "GLOBAL PATENT SOLUTIONS" trade name specifically to usurp the consumer awareness, name recognition and goodwill associated with Plaintiff and its similar service offerings.

22.   Defendant is not now, and has never been, authorized by Plaintiff to use Plaintiff's trademark in connection with the marketing and/or sale of Defendant's goods and services.

23.   Defendant's marketing and/or sale of intellectual property analysis services under the Defendant's name is likely to cause confusion, mistake, and deception among consumers as to the source, quality, and nature of Defendant's services, particularly in light of the close similarities between the services offered by Defendant and by Plaintiff.

24.     Upon information and belief, as a proximate result of the unfair advantage accruing to Defendant's business from deceptively trading on Plaintiff's consumer recognition, Defendant has made substantial sales and profits in an amount to be established according to proof.

25.     Upon information and belief, as a proximate result of the unfair advantage accruing to Defendant's business from deceptively trading on Plaintiff's consumer recognition, Plaintiff has been damaged and deprived of sales of its services and has been deprived of the value of its trademark as a commercial asset, in an amount to be established according to proof.

26.     Upon information and belief, in the absence of injunctive relief, Defendant will continue to infringe Plaintiff's trademark. Pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademark in the public perception. Further, Plaintiff is informed and believes that in the absence of injunctive relief, customers are likely to continue being mistaken as to the true source, origin, sponsorship, and affiliation of Defendant's services.

**SECOND CLAIM FOR RELIEF**
**[False Designation of Origin, 15 U.S.C. § 1125(a)]**

27.     Plaintiff repeats and realleges the statements and allegations contained in the preceding paragraphs of its complaint.

28.     Defendant has caused to enter into interstate commerce goods and services sold under a trade name which copies Plaintiff's trademark. Plaintiff's trademark, and each copied element thereof, has become associated in the minds of consumers with Plaintiff and its goods and services.

5

29.     The marketing and sale of Defendant's goods and services as described above constitutes false designations and origin which are likely to cause confusion, mistake, and or deception among consumers as to the source or origin of such goods or sponsorship or approval of such goods by Plaintiff.

30.     Upon information and belief, as a proximate result of the unfair advantage accruing to Defendant's false designation of the origin of their goods, Defendant has made substantial sales and profits in an amount to be established according to proof.

31.     Upon information and belief, as a proximate result of Defendant's false designation of the origin of their goods, Plaintiff has been damaged and deprived of sales of its goods and services and has been deprived of the value of its trademark as a commercial asset, in an amount to be established according to proof.

32.     Upon information and belief, in the absence of injunctive relief, Defendant will continue to designate falsely the origin of its goods.  Pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademark in the public perception.  Further, Plaintiff is informed and believes that in the absence of injunctive relief, customers are likely to continue being mistaken as to the true source, origin, sponsorship, and affiliation of Defendant's services.

### THIRD CLAIM FOR RELIEF
### [Common Law Unfair Competition]

33.     Plaintiff repeats and realleges the statements and allegations contained in the preceding paragraphs of its complaint.

34.     Plaintiff's trademark is a valid, protectable mark, and has acquired a secondary meaning, as established herein.

35.     Plaintiff's interest arose prior to the Defendant's use of marks confusingly similar to Plaintiff's trademark in connection with its similar products and services.

36.     Plaintiff and Defendant are business competitors.

37.     By reason of the similarity between the products and services offered by Plaintiff and by Defendant, the public is likely to identify Defendant's products and services as those of Plaintiff, or to conclude that Plaintiff has some connection with the production of Defendant's products and services.

38.     Defendant's conduct, as alleged herein, is unfair and unlawful.

39.     Upon information and belief, Defendant's acts have caused Plaintiff to lose profits and caused additional damage to Plaintiff's reputation and goodwill.  The precise amount of Plaintiff's damages is presently unknown but will be established according to proof.

40.     Upon information and belief, as a direct and proximate result of Defendant's wrongful conduct as described above, Defendant has gained revenue and profits.

41.     Plaintiff has no adequate remedy at law for the injury that will be caused by Defendant's acts of unfair competition and/or fraudulent business practices. Accordingly, Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with them, from further in engaging in acts of unfair competition against Plaintiff and its products and services.

## FOURTH CLAIM FOR RELIEF
### [Maine Uniform Deceptive Trade Practices Act, 10 M.R.S. § 1211]

42.     Plaintiff repeats and realleges the statements and allegations contained in the preceding paragraphs of its complaint.

43.     As described above, Defendant's use of a similar trade name in the offering of competing intellectual property analysis and prior art search services causes a likelihood of confusion or misunderstanding that Plaintiff sponsors, approves, or certifies such services.   In fact, Plaintiff has no such relationship with Defendant and/or Defendant's goods and services.

44.     As described above, Defendant's use of a similar trade name in the offering of competing intellectual property analysis and prior art search services causes a likelihood of confusion or misunderstanding that Plaintiff is affiliated, connected, or associated with Defendant.   In fact, Plaintiff has no affiliation or connection with the production or distribution of Defendant's goods and services.

45.     Such activities and statements violate the Maine Uniform Deceptive Trade Practices Act ("UDTPA"), 10 M.R.S. § 1211, *et seq.*

46.     Plaintiff has no adequate remedy at law for the damages that will be caused by Defendant's deceptive trade practices.   Accordingly, Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with them, from further in engaging in acts of unfair competition against Plaintiff and its products and services.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

Based upon the foregoing, Plaintiff seeks relief and requests that the Court enter judgment against the Defendant as follows:

A. Entering a preliminary and permanent injunction prohibiting Defendant from using any trade name confusingly similar to Plaintiff's mark.

B. Awarding statutory and compensatory damages reasonably calculated to compensate Plaintiff for its losses, including lost profits due to diverted sales, lost goodwill, and cheapening of Plaintiff's reputation;

C. Awarding Plaintiff the amount of the benefit conferred on the Defendant as a result of their unjust enrichment;

D. Awarding Plaintiff its attorneys' fees and costs; and

E. Awarding such other and further relief as the Court deems just and proper.

Dated: November 10, 2009                    Respectfully submitted,


/s/ Kevin R. Haley

/s/ Stacy O. Stitham

Kevin R. Haley
khaley@brannlaw.com

Stacy O. Stitham
sstitham@brannlaw.com
BRANN & ISAACSON, LLP
184 Main Street
P. O. Box 3070
Lewiston, ME 04243–3070
(207) 786–3566

*Attorneys for Plaintiff*

# EXHIBIT 2

# EXHIBIT 2

Document Description: **Application**
Mail / Create Date: **10-Nov-2009**

| Previous Page | | Next Page | | You are currently on page 1 of 3 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2008)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 77869243**
**Filing Date: 11/10/2009**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77869243 |
| **MARK INFORMATION** | |
| ***MARK** | GLOBAL PRIOR ART |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | GLOBAL PRIOR ART |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| ***OWNER OF MARK** | Global Competitiveness, Inc. |
| ***STREET** | 21 Milk Street |
| **INTERNAL ADDRESS** | 6th Floor |
| ***CITY** | Boston |
| ***STATE** (Required for U.S. applicants) | Massachusetts |
| ***COUNTRY** | United States |
| ***ZIP/POSTAL CODE** (Required for U.S. applicants only) | 02109 |
| **LEGAL ENTITY INFORMATION** | |

| TYPE | corporation |
|---|---|
| STATE/COUNTRY OF INCORPORATION | Maine |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| *INTERNATIONAL CLASS | 042 |
|---|---|
| *IDENTIFICATION | Intellectual property services, namely, validity searches, patent due diligence, freedom to operate searches, licensing, patentability searches, acquisition due diligence, intellectual property portfolio analysis, intellectual property management and landscape, technology trend analysis, business opportunity assessment, competitive positioning and product planning |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 01/01/1985 |
| FIRST USE IN COMMERCE DATE | At least as early as 01/01/1985 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT8\IMAGEOUT8 \778 \692\77869243\xml1\AP P0003.JPG |
| SPECIMEN DESCRIPTION | Digital image from Owner's website showing the mark with the services and hyperlinks for purchasing the services |

## ADDITIONAL STATEMENTS SECTION

| SECTION 2(f) | The mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement. |
|---|---|

## ATTORNEY INFORMATION

| NAME | Kevin R. Haley, Esq. |
|---|---|
| FIRM NAME | Brann & Isaacson |
| STREET | 184 Main Street |
| CITY | Lewiston |
| STATE | Maine |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 04240 |

| PHONE | 207-786-3566 |
|---|---|
| FAX | 207-783-9325 |
| EMAIL ADDRESS | khaley@brannlaw.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| NAME | Kevin R. Haley, Esq. |
|---|---|
| FIRM NAME | Brann & Isaacson |
| STREET | 184 Main Street |
| CITY | Lewiston |
| STATE | Maine |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 04240 |
| PHONE | 207-786-3566 |
| FAX | 207-783-9325 |
| EMAIL ADDRESS | khaley@brannlaw.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| NUMBER OF CLASSES | 1 |
|---|---|
| FEE PER CLASS | 325 |
| *TOTAL FEE DUE | 325 |
| *TOTAL FEE PAID | 325 |

## SIGNATURE INFORMATION

| SIGNATURE | /Kevin R. Haley/ |
|---|---|
| SIGNATORY'S NAME | Kevin R. Haley |
| SIGNATORY'S POSITION | Attorney of record, Maine bar member |
| DATE SIGNED | 11/10/2009 |

OMB No. 0651-0009 (Exp 12/31/2008)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 77869243**
**Filing Date: 11/10/2009**

## To the Commissioner for Trademarks:

**MARK:** GLOBAL PRIOR ART (Standard Characters, see mark)
The literal element of the mark consists of GLOBAL PRIOR ART.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Global Competitiveness, Inc., a corporation of Maine, having an address of
  6th Floor,
  21 Milk Street
  Boston, Massachusetts 02109
  United States
requests registration of the trademark/service mark identified above in the United States Patent and
Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section
1051 et seq.), as amended, for the following:

  International Class 042:  Intellectual property services, namely, validity searches, patent due
diligence, freedom to operate searches, licensing, patentability searches, acquisition due diligence,
intellectual property portfolio analysis, intellectual property management and landscape, technology
trend analysis, business opportunity assessment, competitive positioning and product planning

Use in Commerce: The applicant is using the mark in commerce, or the applicant's related company or
licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in
commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a),
as amended.

In International Class 042, the mark was first used at least as early as 01/01/1985, and first used in
commerce at least as early as 01/01/1985, and is now in use in such commerce. The applicant is
submitting one specimen(s) showing the mark as used in commerce on or in connection with any item
in the class of listed goods and/or services, consisting of a(n) Digital image from Owner's website
showing the mark with the services and hyperlinks for purchasing the services.
Specimen File1

The mark has become distinctive of the goods/services through the applicant's substantially exclusive
and continuous use in commerce for at least the five years immediately before the date of this
statement.

The applicant hereby appoints Kevin R. Haley, Esq. of Brann & Isaacson
  184 Main Street
  Lewiston, Maine 04240
  United States
to submit this application on behalf of the applicant.

Correspondence Information: Kevin R. Haley, Esq.
                           Brann & Isaacson
                           184 Main Street
                           Lewiston, Maine 04240
                           207-786-3566(phone)
                           207-783-9325(fax)
                           khaley@brannlaw.com (authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /Kevin R. Haley/   Date Signed: 11/10/2009
Signatory's Name: Kevin R. Haley
Signatory's Position: Attorney of record, Maine bar member


RAM Sale Number: 416
RAM Accounting Date: 11/12/2009

Serial Number: 77869243
Internet Transmission Date: Tue Nov 10 14:14:38 EST 2009
TEAS Stamp: USPTO/BAS-216.220.233.99-200911101414382
19395-77869243-460327f9066db6593e3b583aa
929f3d594-CC-416-20091110140757867213

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page.